FILED'11 JUL 20 10:41USDC-ORM

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## MEDFORD DIVISION

UNITED STATES OF AMERICA,                                   Civ. No. 11-3052-CL

               Plaintiff,

                                 REPORT & RECOMMENDATION

      v.

DUANE H. PANTER; MARCIA DOERR, Trustee
of Saved by Grace, a Trust; DENNY MALLOY,
Trustee of Saved by Grace, a Trust; PHYLLIS
PANTER, Trustee of the Panter Family Trust; FIRST
AMERICAN TITLE COMPANY; CACV of Colorado,
LLC; and JACKSON COUNTY, OREGON,

               Defendants.

---

CLARKE, Magistrate Judge.

This matter comes before the court on motions to dismiss filed by *pro se* defendants

Denny Malloy (#9) and Duane H. Panter (#11) (collectively "the moving defendants").[1]  For the

reasons stated below, the moving defendants' motions to dismiss should be DENIED.

---

[1] Defendant Phyllis Panter also filed a letter with the court, which is addressed to plaintiff's
counsel.  The letter was docketed as a motion to dismiss (#10).  On review of plaintiff's response
in opposition (#14), the court agrees that this letter does not seek relief from the court and should
not have been docketed as a motion to dismiss.  Ms. Panter signs her letter as Trustee of the
Panter Family Trust and makes no request or argument that she be removed as a defendant from
this action.  The court has therefore ordered an administrative correction of the docket to reflect
that this communication is a notice from the defendant, not a motion to dismiss.

allegation that Malloy is also a beneficiary of the trust, or otherwise has any personal interest in the property. Thus, there is no indication that Malloy's personal interests are adverse to those of the United States. And by plaintiff's own factual allegations establish that Malloy may not represent the interests of the Saved by Grace trust in this action.

However, in an action to set aside a fraudulent conveyance, the transferee of the assets at issue is a necessary party to the lawsuit within the meaning of FRCP 19 because the action to set aside the allegedly fraudulent transfer necessarily impacts the transferee's interest in the property the transferee received. *See* Am. Bonding Co. of Baltimore v. Stilwell, 202 Or. 526, 528, 276 P.2d 415 (1954) (reasoning that "[s]ince the grantee of the property acquires an interest therein by reason of the conveyance, such grantee is a necessary and indispensable party to any proceeding brought to subject the property to the debt"); 37 AM.JUR.2D FRAUDULENT CONVEYANCES AND TRANSFERS § 188 at 665 (2001) ("The fraudulent grantee is a necessary party defendant in an action to set aside a conveyance as fraudulent, since he has an interest in the subject matter of the suit which should not be affected by a decree unless he has been given the right to be heard."). Title to any property comprising the trust corpus is vested in the trustee. The trustee, as the transferee in the allegedly fraudulent transaction, is therefore a necessary party under Rule 19(a).

Here, plaintiff has alleged that Panter's transfer of the Property to the Saved by Grace trust is a fraudulent transfer, and that Malloy was named as trustee of the Saved by Grace trust in the initial transfer in 1999. While Malloy later executed a deed purporting to transfer the property to Marcia Doerr as trustee of the Saved by Grace trust, this does not by itself establish that Malloy is no longer a trustee herself. Therefore, until it is established that Malloy has been discharged of her duties as trustee or the transfer is found not to be fraudulent, Malloy is a

necessary party within the meaning of FRCP 19(a) and should be retained as a defendant.

Therefore, Malloy's motion to dismiss (#9) should be DENIED.

**II. Defendant Duane H. Panter**

Panter's argument that the Eleventh Amendment amends and revokes Article III, Section 2 of the United States Constitution and strips this court of its authority to hear and adjudicate this case is without merit. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." US CONST. amend. XI. This is not an abrogation of the judicial power of the United States to sue United States citizens in federal court; it is merely an affirmation that the grant of judicial authority in Article III is limited by the fundamental principle of sovereign immunity. *See* Pennhurst State Sch. & Hosp. v. Haldeman, 465 U.S. 89, 98 (1984).

This court has jurisdiction over this action pursuant to 28 U.S.C. § 1340, which allows jurisdiction over any civil action arising under any Act of Congress providing for internal revenue,[3] and 28 U.S.C. § 1345, which allows for jurisdiction over suits commenced by the United States.[4] Jurisdiction is also proper pursuant to 26 U.S.C. §§7402(a) and 7403. Section 7402 confers upon the federal district courts the jurisdiction "to make and issue in civil actions, writs and orders of injunction ... and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). The United States may file a civil action in any case in

---

[3] "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, or revenue from imports or tonnage except matters within the jurisdiction of the Court of International Trade." 28 U.S.C. § 1340.

[4] "Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress." 28 U.S.C. § 1345.

which there has been a refusal or neglect to pay a tax, and a federal district "court shall ... proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established, may decree a sale of such property." 26 U.S.C. § 7403.  Because this action is brought by the United States and concerns a tax liability, this court has jurisdiction. Therefore, defendant Panter's motion to dismiss (#11) should be DENIED.[5]

**RECOMMENDATION**

For the reasons stated above, the motions to dismiss filed by Malloy (#9) and Panter (#11) should be DENIED.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.*  Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge.  *Objections to this Report and Recommendation, if any, are due by August 8, 2011.  If objections are filed, any response to the objections is due by August 25, 2011.*  See FED. R. CIV. P. 72, 6.

DATED this _____ day of July, 2011.

_____

MARK D. CLARKE
United States Magistrate Judge

---

[5] To the extent that Panter attempts to assert counterclaims in his motion to dismiss (#11), the attempt is procedurally improper under Federal Rules of Civil Procedure 7(a) and 13.  The court notes that on July 18, 2011, Panter re-filed the same document construed here as a motion to dismiss as his Answer (#22) to plaintiff's complaint.