IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

DUANE H. PANTER; MARCIA DOERR, Trustee
of Saved by Grace, a Trust; DENNY MALLOY,
Trustee of Saved by Grace, a Trust; PHYLLIS
PANTER, Trustee of the Panter Family Trust; FIRST
AMERICAN TITLE COMPANY; CACV of Colorado,
LLC; and JACKSON COUNTY, OREGON,

Defendants.

Case No. 1:11-cv-03052-CL

REPORT & RECOMMENDATION

CLARKE, Magistrate Judge.

This matter comes before the court on plaintiff's motion (#69) pursuant to Federal Rule

of Civil Procedure ("Rule") 55(a) for entry of default against *pro se* defendant Duane H. Panter

("Panter") for failure to plead or otherwise defend.  For the reasons stated below, the motion

should be granted and default should be entered against Panter.

**BACKGROUND**

Plaintiff, the United States, initiated this action on April 29, 2011, by filing a Complaint

(#1) seeking to reduce to judgment certain unpaid federal income taxes assessed against Panter

Page 1 – REPORT AND RECOMMENDATION

and to foreclose its federal tax liens on certain real property which it claims Panter owns through a sham trust. The United States served (#19) defendant Duane H. Panter by certified, return receipt mail, and by first class mail. Panter responded by first filing a document entitled "Notice and Affidavit," docketed on June 23, 2011, as a motion to dismiss (#11), a five-page typed document in which he argued the Eleventh Amendment strips this court of the jurisdiction to adjudicate the United States' claims and that he is entitled to foreign sovereign immunity, and implied that the action brought against him constitutes fraud. The United States opposed (#15) Panter's motion on grounds that his arguments were frivolous and entirely lacking in merit. On September 22, 2011, Judge Panner adopted (#61) this court's recommendation (#23-1) and denied Panter's motion to dismiss.

In the interim, Panter filed a virtually identical document entitled "Second Notice and Demand for Administrative Hearing Against Plaintiff," docketed on July 18, 2011, as his Answer (#22). The United States moved to strike (#34) on grounds that this document raised arguments identical to those asserted in the motion to dismiss and was thus redundant, and because the document neither stated any defenses to the claims asserted in the Complaint nor admitted or denied the allegations asserted therein and was therefore immaterial. Panter did not respond to either the United States' motion or the court's order to show cause (#42) why the motion should not be granted. Consequently, on September 20, 2011, the court granted the motion and ordered (#59) Panter's Answer stricken.

On September 28, 2011, the United States filed a motion to compel (#62) seeking an order from the court compelling Panter to respond to its discovery requests. Panter again failed to file a response to either the United States' motion or the court's order (#65) to show cause why the motion should not be granted. Consequently, on December 15, 2011, the court granted

Page 2 – REPORT AND RECOMMENDATION

(#73) the motion to compel, deemed the requests for admissions propounded on Panter by the United States to be admitted, and ordered Panter to serve full and complete responses to the United States' interrogatories and requests for production by December 30, 2011. The court further cautioned that failure to comply with the court's order could result in further sanctions, including entry of default.

The United States filed its motion (#69) for entry of default on November 23, 2011, after the court ordered Panter to show cause why the motion to compel should not be granted. Panter's response, if any, to the motion for entry of default was due December 12, 2011. Yet again, Panter failed to oppose or in any way respond to either the United States' motion or the court's order to show cause (#72) why the motion should not be granted. Although the motion was unopposed, the court was unable to determine from the record whether service of process on Panter complied with Oregon law. Therefore, on January 3, 2012, the court ordered (#75) the United States to file a supplemental affidavit and any relevant exhibits to establish that Panter was properly served under Oregon Rule of Civil Procedure ("ORCP") 7D. In its Supplemental Memorandum in Support of United States' Motion for Entry of Default of Duane H. Panter ("U.S. 1st Suppl. Mem." or "First Supplemental Memorandum") (#77), the United States conceded that its service of process on Panter was insufficient under Oregon law, but argued the court should find that Panter had waived any challenge to the sufficiency of process or personal jurisdiction by failing to raise those issues in his motion to dismiss and by generally appearing in this matter without preserving his right to raise those objections. (Supp. Mem. Supp. United States' Mot. Entry of Default of Duane H. Panter, Dckt. #77, pp.1-2). The United States further stated its intent to move to reopen the window for service should the court deny the motion for entry of default. (Id., pp. 2).

Page 3 – REPORT AND RECOMMENDATION

On January 11, 2012, the court ordered (#80) the motion for entry of default held in abeyance and, finding good cause pursuant to Rule 4(m), granted the United States an additional 60 in which to serve its Complaint on Panter.  On February 23, 2012, the United States filed its supplemental materials, arguing that Panter rents a private mailbox from Copy Masters, located at 1252 Redwood Avenue in Grants Pass, and is therefore a "tenant" of a "mail agent" within the meaning of ORS § 646A.340.  (Second Suppl. Mem. Supp. U.S. Mot. Entry of Default of Panter ("U.S. 2d Suppl. Mem."), Dckt. # 86, pp. 2).  The United States further argues it has properly served Panter in accordance with ORCP 7D(3)(a)(iv) by first attempting to personally serve him at each of the five addresses he is known to have lived at since 1995; duly serving a true copy of the Summons and Complaint upon Dan Laird, owner of Copy Masters, on February 18, 2012; and completing service by mailing true copies of the Summons and Complaint to the only known address at which he receives mail on February 22, 2012.  (U.S. 2d Suppl. Mem., pp. 3-4; Aff. of Service, Dckt. # 85; 2d Suppl. Decl. Adam D. Strait Supp. U.S. Mot for Entry of Default ("2d Suppl. Strait Decl."), Dckt. # 87, ¶¶ 2-15 & Exs. A–K).  The Complaint and Summons served on Panter have been returned to the court along with undated, unsigned letters stating that the documents "were inadvertently received and opened by mistake" and are being returned because "there is not enough knowledge or information disclosed to form a responsive answer."  (*See* Notice of Third Party Affidavit of Mailing, Dckt. #88, pp. 1; Notice of Third Party Affidavit of Mailing, Dckt. # 89, pp. 1; Third Party Affidavit of Mailing, Dckt. # 90, pp. 1).  As of the current date, Panter has failed to file his Answer or any other pleading responding to the claims alleged against him by the United States.

//

//

Page 4 – REPORT AND RECOMMENDATION

## STANDARD

Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." FED. R. CIV. P. 55(a). For entry of default to be proper under Rule 55, the moving party has the burden of showing that: (1) the party against whom default is sought has been properly served; (2) the Court has proper subject matter jurisdiction; and (3) the defaulting party has failed to plead or otherwise defend. *See* id.

## DISCUSSION

The United States has established each of the elements, therefore entry of default against Panter is proper.

## I.    This court has subject matter jurisdiction

The United States brings this action to (1) reduce certain federal income tax assessments against Panter to judgment, (2) to set aside Panter's fraudulent transfer of certain real property, and (3) to foreclose its federal tax lien against that parcel of real property. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1340, which allows jurisdiction over any civil action arising under any Act of Congress providing for internal revenue, and 28 U.S.C. § 1345, which allows for jurisdiction over suits commenced by the United States. Jurisdiction is also proper pursuant to 26 U.S.C. §§7402(a) and 7403. Section 7402 confers upon the federal district courts the jurisdiction "to make and issue in civil actions, writs and orders of injunction ... and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). The United States may file a civil action in any case in which there has been a refusal or neglect

Page 5 – REPORT AND RECOMMENDATION

to pay a tax, and a federal district "court shall ... proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established, may decree a sale of such property." 26 U.S.C. § 7403. Because this action is brought by the United States and concerns a tax liability, this court has jurisdiction.

## II.  Panter has been properly served

Service may be achieved by following state law "in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1). Therefore, service in this case may be effectuated under Oregon law, and ORCP 7 in particular.

### A.  The United States' first attempt to serve

Under ORCP 7 D, service of process must be either presumptively adequate or reasonably calculated to apprise the defendant of the existence and pendency of the action against him. *See generally* Davis Wright Tremaine, LLP v. Menken, 181 Or. App. 332, 45 P.3d 983 (2002). The fact that a defendant has actual notice of an action against him is largely irrelevant because, under Oregon law, the determinative issue is not "the defendant's subjective notice but, instead, [] whether the plaintiff's conduct was objectively, reasonably calculated to achieve the necessary end." Id. at 339. The United States served (#19) Panter by certified, return receipt mail, and first class mail. For such service on an individual to be presumptively valid, the defendant must sign the receipt for the certified mailing. Id. at 337. To be reasonably calculated under the totality of the circumstances to apprise Panter of the pendency of the action, the United States must have restricted delivery of the certified, return receipt mailing. Id. at 340-41. In this case, Panter did not sign the return receipt, and the certified, return receipt mailing

was not sent using restricted delivery. Therefore, the United States' first attempt to serve Panter was inadequate under Oregon law.

**B. Panter has waived his right to service of process**

Service of process requirements are generally a prerequisite to a court's jurisdiction over parties adverse to the plaintiff. *See* Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Rule 4."). Therefore, default entered in the absence of proper service of process may be set aside as void. *See* Mason v. Genisco Tech. Corp., 960 F.2d 849, 851 (9th Cir. 1992) (reversing district court's grant of summary judgment on grounds that the default judgment entered against the plaintiff in a previous action involving the same parties was void and had no res judicata effect because the Complaint in the previous action was not properly served); *accord* James v. Scribner, 415 Fed. Appx. 835, 836 (9th Cir. 2011); *see also* McCain v. Cal. Highway Patrol, No. 2:11-cv-01265 KJM KJN PS (E.D.Cal. Oct. 28, 2011) (collecting district court cases). However, a long line of authority holds that a party's voluntary general appearance submits the appearing party to the jurisdiction of the court and waives any objection that the court lacks authority to adjudicate a litigant's rights. *See, e.g.*, New York Times Co. v. Sullivan, 376 U.S. 254, 264 n. 4, 84 S.Ct. 710 (1964) (plaintiff waived its right to object to the court's jurisdiction by entering a general appearance in the action); Kryger v. Wilson, 242 U.S. 171, 177 (1916) (the lower court had jurisdiction over a property claimant as a result of his voluntary appearance); In re Connaway, 178 U.S. 421, 428, 20 S.Ct. 951 (1900) ("The voluntary appearance of a [party] is equivalent to personal service of the summons and copy of the complaint upon him."); U.S. v. Vacant Land Located at 10th St. & Challenger Way in Palmdale, CA., 15 F.3d 128, 131 (9th Cir. 1994)

(property claimant waived his right to service of process by voluntarily appearing in the district court without reserving the claim that he had not been served); Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986), *amended on other grounds*, 807 F.2d 1514 (9th Cir.), *cert. denied*, 484 U.S. 870, 108 S.Ct. 198 (1987) ("A general appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction."); Jackson v. Hayakawa, 682 F.2d 1344, 1347, 1347-49 (9th Cir. 1982) (voluntary appearance can waive lack of personal jurisdiction).

In Oregon, a court may exercise personal jurisdiction over a party without service of summons where the party "appears in the action and waives the defense of lack of jurisdiction over the person, insufficiency of summons or process, or insufficiency of service of summons or process..." OR. R. CIV. P. 6.[1] Oregon does not recognize a "special" as opposed to a "general" appearance. Wesley v. Society Nat. Bank, 143 Or. App. 1, 4 n. 1, 922 P.2d 1260 (1996) (*citing* Commentary to OR. R. CIV. P. 21). Thus, Oregon courts have found that parties have generally appeared under varying circumstances in which the defendants sought affirmative relief. Wesley, 143 Or. App. at 5 (trustee's voluntary appearance and request for affirmative relief justified probate court's exercise of personal jurisdiction); *cf.*, Choi v. Hurley, 86 Or. App. 425, 428-29, 739 P.2d 1056 (1987) (if, on remand, attorney hired by one defendant was found to be authorized to represent the second defendant individually as well, the second defendant waived his the defense of lack of personal jurisdiction by appearing through his attorney during defense of plaintiff's summary judgment motion, and judgment would stand against him although he was not served with summons and complaint until one week *after* judgment was entered).

---

[1] This principle pre-dates the 1979 enactment of the Oregon Rules of Civil Procedure. *See, e.g.*, Matter of Riddle's Estate, 288 Or. 687, 693, 607 P.2d 1370 (1980) ("Personal jurisdiction may be obtained by service of summons, by voluntary appearance, or by consent.") (*citing* State ex rel. Karr v. Shorey, 281 Or. 453, 461, 578 P.2d 981 (1978)).

Page 8 – REPORT AND RECOMMENDATION

At the time Panter filed his motion to dismiss, he had not been properly served and was

therefore not obligated to file an answer to the United States' complaint. However, when he

elected to file a motion to dismiss pursuant to Rule 12, he made a general appearance in this case

and was therefore required to assert any of the threshold defenses set forth in Rule 12(b)(2)-(5)

(lack of personal jurisdiction, improper venue, insufficiency of process, or insufficiency of

service of process) if he wished to preserve them. Am. Ass'n of Naturopathic Physicians v.

Hayhurst, 227 F.3d 1104, 1106-7 (9th Cir. 2000) (defenses set forth in Rule 12(b)(2)-(5) are

forever waived if not raised in the party's first defensive move, whether that be a Rule 12 motion

or a responsive pleading). Having failed to assert his right to service of process, Panter

affirmatively waived that defense and is therefore subject to the jurisdiction of this court. Id. at

1107; Or. R. Civ. P. 6.

### C. The United States' has cured any defect in service

The United States argues Panter has been served in accordance with ORCP 7D(3)(a)(iv),

which authorizes service through "mail agents" such as Copy Masters. This rule allows service:

> "[u]pon an individual defendant who is a 'tenant' of a 'mail agent' within the
> meaning of ORS 646A.340[2] by delivering a true copy of the summons and the
> complaint to any person apparently in charge of the place where the mail agent
> receives mail for the tenant, provided that: (A) the plaintiff makes a diligent
> inquiry but cannot find the defendant; and (B) the plaintiff, as soon as reasonably
> possible after delivery, causes a true copy of the summons and the complaint to be
> mailed by first class mail to the defendant at the address at which the mail agent
> receives mail for the defendant and to any other mailing address of the defendant
> then known to the plaintiff, together with a statement of the date, time, and place
> at which the plaintiff delivered the copy of the summons and the complaint."

---

[2] ORS 646.A.340 defines "mail agent" to mean "any person, sole proprietorship, partnership, corporation or other entity who owns, manages, rents or operates one or more mailboxes, as defined in this section, for receipt of United States mail or materials received from or delivered by a private express carrier, for any person, sole proprietorship, partnership, corporation or other entity not the mail agent." Or. Rev. Stat. § 646A.340(1).

Page 9 – REPORT AND RECOMMENDATION

Applying ORCP 7D(3)(a)(iv) to the facts of this case, it is clear that Panter is a "tenant," Copy Masters is a "mail agent," and Mr. Laird as owner of Copy Masters qualifies as the "person apparently in charge." Mr. Laird received in person delivery of the Summons and Complaint on February 18, 2012, and the United States satisfied the follow-up requirements set forth in ORCP 7D(3)(a)(iv)(B) by mailing a copy of the summons and complaint to the same address on February 22, 2012. Furthermore, the United States has satisfied the "diligent inquiry" requirement by repeatedly searching the available public information to determine his current location; by hiring a process server to attempt service personally at five different physical addresses in McMinnville, Grants Pass, and Medford; and by repeatedly contacting both Panter and other defendants named in this action with requests for updated contact information.

Efforts comparable to these have been found to satisfy the "diligent inquiry" requirement by the only other court in this district to have considered the issue. French v. Bus. Exchange Investments, Inc., No. CV-03-1349-ST, 2005 WL 357281, at * 4 (D. Or. Feb. 15, 2005) (plaintiff who conducted extensive public record research in his efforts to determine the location of the defendants and who employed process servers in two states to attempt service both in person and by mail satisfied the "diligent inquiry requirement"). Therefore, the court finds that service on Panter at Copy Masters was achieved pursuant to the requirements of ORCP 7D(3)(a)(iv) on February 27, 2012.[3] *See* FED. R. CIV. P. 5(b)(2)(B).

//

//

---

[3] Moreover, these facts support a finding that Panter was properly served pursuant to the requirements of ORCP 7D(2)(c). *See* French, 2005 WL 357281 at * 4.

### III. Panter has failed to plead or otherwise defend

Panter did initially defend this action, filing his motion to dismiss (#11) on June 23, 2011,

and his Answer (#22) on July 18, 2011. However, as described above, the court granted (#59)

the United States' Rule 12(f) motion to strike Panter's Answer on September 20, 2011. If the

court denies a motion made pursuant to Rule 12, the defendant must serve an answer "within 14

days after notice of the court's action. FED. R. CIV. P. 12(a)(4)(A). The failure to file an

answer—in spite of an earlier defense—is an adequate basis for a Rule 55 default judgment. *See*

SEC v. Small Cap Research Group, Inc., 226 Fed. App'x. 656, 658 (9th Cir. 2007) (district court

did not abuse its discretion by denying the defendant's motion to set aside default when default

was entered for failure to answer the complaint after the defendant's motion to dismiss was

denied). As of the current date, Panter has failed to either actually file or request an extension

for filing his Answer.

As demonstrated by his motion to dismiss and attempted Answer, there is sufficient

evidence in the record to demonstrate that Panter, proceeding *pro se*, understands that he is

required to address the Complaint. Additional evidence is found in his correspondence with

counsel for the United States, which shows that, despite his failure or refusal to respond to the

United States' motions and the orders of this court, Panter has repeatedly denied being a properly

named defendant in this action. (*See* Decl. Adam Strait Supp. Pl's Mot. to Compel Discovery

Resp. ("Strait Decl. Supp. Mot to Compel"), #64, ¶ 4, 6 & Exs. B at 11[4] (declaration on jurat

page of United States' first set of interrogatories) & D (Affidavit)). However, as the United

States correctly points out, Panter has never actually denied any of the claims in the Complaint.

Even under the lenient and favorable view afforded pro se pleadings, nothing in Panter's motion

---

[4] Due to the irregular page numbering of the United States' exhibits, the court's citations to the record reflect the page numbers generated at the top of a PDF document by the court's Electronic Case Filing system, not page numbers appearing on original exhibits.

to dismiss ("Notice and Affidavit") or Answer ("Second Notice and Demand for Administrative Hearing Against Plaintiff") can be construed as a denial of the claims brought against him. Instead, it is clear from these pleadings and the correspondence in the record that Panter simply maintains that he is immune from suit and that this court lacks jurisdiction to adjudicate the United States' claims.

Panter has repeatedly been presented with the United States' well written motions and pleadings, which attack the legal merit of his claims in a clear and concise fashion. Moreover, he has repeatedly been afforded leniency by the court in the timeliness of his responses and cautioned regarding the consequences of his failure to defend the claims against him. Despite these accommodations, Panter has not only failed to amend his pleadings or defenses, he has sought at every opportunity to evade or frustrate the progress of this case. Panter as "the duly Authorized Administrator for the legal entity DUANE H. PANTER" has sent correspondence to both the court (#67) and counsel for the United States (#71, ¶ 5 & Ex. D) purporting to appoint counsel for the United States as his trustee and demanding that all correspondence regarding this case be sent to counsel for the United States. Thereafter, Panter refused and returned correspondence sent to him by the United States (#71, ¶ 7 & Ex. F), forwarded the correspondence sent to him by the court to counsel for the United States (id., ¶ 9 & Ex. G), and has returned to the court, unopened, multiple notices of court documents (#68, 84). Panter failed to appear for his properly noticed deposition and closed the email account through which he previously corresponded with counsel for the United States. (#71, ¶¶ 8, 10 & Exs. G, I).

Most recently, Panter has demonstrated that he is unwilling to defend the claims against him as evidenced by his complete refusal to participate in these proceedings. It is his intransigence and willful refusal to defend the claims against him that has brought the progress

Page 12 – REPORT AND RECOMMENDATION

of this case to a complete halt.  Panter is entitled to proceed *pro se* in this action if he so chooses. His decision to do so does not, however, excuse his obligation to comply with the federal rules of civil procedure.   McCabe v. Arave, 827 F.2d 634, 640 n. 6 (9th Cir. 1997); Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994), *cert. denied*, 513 U.S. 1090, 115 S.Ct. 750 (1995).  The court finds on the record before it that Panter has failed to plead or otherwise defend his position in this matter.  Accordingly, the United States motion for entry of default is appropriate and should be granted.

## RECOMMENDATION

For the reasons stated above, the United States' motion for entry of default (#69) should be GRANTED and default should be entered against defendant Duane H. Panter.

***This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.***  Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge.  ***Objections to this Report and Recommendation, if any, are due by April 2, 2012.  If objections are filed, any response to the objections is due by April 19, 2012.***  See FED. R. CIV. P. 72, 6.

DATED this _____ day of March, 2012.

_____
MARK D. CLARKE
United States Magistrate Judge

Page 13 – REPORT AND RECOMMENDATION