IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

DUANE H. PANTER; MARCIA DOERR, Trustee
of Saved by Grace, a Trust; DENNY MALLOY,
Trustee of Saved by Grace, a Trust; PHYLLIS
PANTER, Trustee of the Panter Family Trust; FIRST
AMERICAN TITLE COMPANY; CACV of Colorado,
LLC; and JACKSON COUNTY, OREGON,

Defendants.

Case No. 1:11-cv-03052-CL

REPORT & RECOMMENDATION

CLARKE, Magistrate Judge.

This matter comes before the court on plaintiff's motion (#97) for entry of default

judgment against *pro se* defendant Duane H. Panter.  For the reasons stated below, the motion

should be granted.

## BACKGROUND

### A.  Factual Allegations

In a Complaint (#1) filed on April 29, 2011, plaintiff, the United States of America

("United States"), alleges as follows:

Defendant Duane H. Panter ("Panter") is a resident of the state of Oregon.  (Compl., ¶ 5). On or about April 12, 1990, William P. Haberlach, Douglas Cushing, and John R. Hanson conveyed to Panter by Warranty Deed a certain parcel of real property legally described as: "Beginning at a point 245 feet South of the Northwest corner of Block 6, of Galloway's Addition to the City of Medford, Jackson County, Oregon, thence South, 50 feet; thence East 125.49 feet; thence North, 50 feet; thence West, 125.49 feet to the place of beginning," and commonly known as 217 Laurel Street in Medford, Oregon ("the Property").  (Compl., ¶¶ 20-21).  The Warranty Deed was recorded in the Jackson County Clerk's Office as document number 90-08705.  (Id., ¶ 20).  On or about April 11, 1990, Panter used the Property to secure a $41,000 loan from Phyillis Panter, evidenced by a deed of trust recorded in the Jackson County Clerk's Office on or about April 12 as document number 90-08706.  (Id., ¶ 22).  Crater Title Insurance Company was named as trustee of the deed of trust.  (Id.).  On or about July 26, 1991, Phyllis Panter recorded a document in the Jackson County Clerk's Office, document number 91-17412, in which she assigned her beneficial interest in the April 1990 deed of trust to Phyllis W. Panter, Trustee of the Panter Family Trust.  (Id., ¶ 23).

Panter did not file federal income tax returns for the years 1998, 1999, or 2000.  (Id., ¶ 37).  On or about July 8, 1999, Panter, with the actual intent to hinder, delay, or defraud the United States in its collection of his federal income tax liabilities, executed and recorded as document number 99-36070 in the Jackson County Clerk's Office a "General Quitclaim Deed" purporting to transfer the Property to Saved by Grace, a Trust, Denny Malloy, Trustee.  (Id., ¶¶ 24, 42).  Thereafter, Panter did not file federal income tax returns for the years 2001, 2002, 2003, or 2004.  (Id., ¶ 16).  On or about January 2, 2004, Denny Malloy ("Malloy") executed and recorded as document number 2004-000498 in the Jackson County Clerk's Office a "Quit Claim

Deed" purporting to transfer the property to Marcia Doerr, Trustee, Saved by Grace, Trust. (Id., ¶ 25). Saved by Grace, a Trust, which presently holds nominal title to the Property, has no legitimate business purpose, lacks economic substance, and was formed and used by Panter to conceal his ownership interest in the Property. (Id., ¶¶ 26, 39-40). Panter has at all times remained in possession of, exercised dominion and control over, and paid property taxes on the Property. (Id., ¶¶ 43-45).

Pursuant to 26 U.S.C. § 6020(b)(1), a duly authorized delegate of the Secretary of the Treasury ("the Secretary") prepared and filed federal income tax returns for Panter for the years 2001, 2002, 2003, and 2004, and made timely assessments against him for the unpaid individual federal income taxes, penalties, and interest for the years. (Id., ¶¶ 17-18). Despite proper notice and demand for payment, Panter neglected, failed or refused to pay to the United States the assessed amounts and the interest and penalties accrued thereon. (Id., ¶ 31). Therefore, pursuant to 26 U.S.C. §§ 6321 and 6322, tax liens arose in favor of the United States upon all property and rights to property belonging to Panter as of the dates of each assessment. (Id., ¶ 19).

On or about February 3, 2010, a duly authorized delegate of the Secretary recorded a Notice of Federal Tax Lien concerning certain unpaid assessments in the Jackson County Clerk's Office; that notice was assigned the document number 2010-004002. (Id., ¶ 28). On or about March 25, 2010, a duly authorized delegate of the Secretary of the Treasury again recorded a Notice of Federal Tax Lien concerning certain unpaid assessments and stating that the Saved by Grace Trust, Marcia Doerr trustee, was the nominee or alter ego of Panter with respect to the property in the Jackson County Clerk's Office; that document was also assigned the document number 2010-004002. (Id., ¶ 29). As of April 29, 2011, these assessments remained due and

owing with an unpaid balance of $76,207.21 including statutory interest and other additions allowed by law.  (Id., ¶ 34).

On the basis of the allegations outlined above, the United States brought this action to: (1) reduce the federal income tax assessments against Panter to judgment; (2) set aside as fraudulent the transfer of the Property to the Saved by Grace Trust; (3) for a determination that the Saved by Grace Trust is Panter's nominee or alter ego; and (4) foreclose the federal tax liens through a decree for the sale of the Property pursuant to 26 U.S.C. § 7403(c).

**B.  Procedural History**

Defendants Jackson County, Oregon ("Jackson County"); First American Title Company ("First American"); CACV of Colorado, LLC ("CACV"); and Phyllis Panter as trustee and sole beneficiary of the Panter Family Trust ("Phyllis Panter"), have separately filed stipulations entered into jointly with the United States (#16, 17, 26, 36) and approved by order of the court (#20, 21, 27, 41).  Pursuant to these stipulations, First American, CACV, and Phyllis Panter disclaim any interest they may have in the Property (#17, 26, 36), while Jackson County and the United States stipulate and agree that Jackson County's interest in the Property, consisting of unpaid ad valorem tax, should be satisfied before the Unites States' interest in the property is satisfied (#16).  On September 13, 2011, defendant Denny Malloy as Trustee of Saved by Grace, a Trust, was dismissed (#53) without prejudice pursuant to the stipulation (#48) she entered into jointly with the United States.  On September 6, 2011, default was entered against defendant Marcia Doerr, Trustee of Saved by Grace, a Trust.  (#46).  On September 13, 2011, the court granted (#55) the United States' motion (#49) for default judgment against Marcia Doerr, Trustee of Saved by Grace, a Trust, and further determined and adjudged that, with respect to the Property, Saved by Grace, a Trust, is Panter's nominee.

On September 20, 2011, the court granted (#59) the United States' motion (#34) to strike the document docketed as Panter's Answer (#22) after Panter failed to either file a response in opposition to the motion or respond to the court's order (#42) to show cause why the motion should not be granted. On September 22, the court denied (#61) Panter's motion to dismiss. On October 17, 2011, Panter mailed a letter (#67) to the Clerk of the Court purporting to appoint counsel for the United States as his trustee. Thereafter, correspondence sent to Panter by the Clerk of the Court has consistently been returned, unopened, to the court. (#79, 84, 88, 89, 90, 94, 104).

On December 15, 2011, the court granted (#73) the United States' motion to compel (#62) Panter to respond to its discovery requests after Panter again failed to either file a response in opposition or respond to the court's order (#65) to show cause why the motion should not be granted. The court's order (#73) cautioned Panter that failure to comply with the court's order could result in further sanctions, including entry of default. On January 24, 2012, Panter returned the court's order (#73), unopened. (#84).

On November 23, 2011, the United States moved for entry of default against Panter. (#69). Yet again, Panter failed to either file a response in opposition or respond to the court's order (#72) to show cause why the motion should not be granted.[1] On January 3, 2012, the court ordered (#75) the United States to file a supplemental affidavit and any relevant exhibits to establish that Panter was properly served under Oregon Rule of Civil Procedure ("ORCP") 7D. In its January 3, 2012, Supplemental Memorandum (#77), the United States conceded that its service of process on Panter was insufficient under Oregon law, but argued the court should find that Panter had waived any challenge to the sufficiency of process or personal jurisdiction and further stated its intent to move to reopen the window for service should the court deny the

---

[1] Indeed, Panter returned the court's order to show cause (#72) to the court, unopened. (#84).

motion for entry of default.  On January 11, 2012, the court ordered (#80) the motion for entry of

default held in abeyance and, finding good cause pursuant to Rule 4(m), granted the United

States an additional 60 in which to serve its Complaint on Panter.  On February 23, 2012, the

United States filed its Second Supplemental Memorandum (#86) and supplemental service of

process materials.  On April 12, 2012, Judge Panner adopted (#95) this court's recommendation

(#91) that default be entered against Panter.  Presently before the court is the United States'

motion for entry of default judgment (#97).

## STANDARD

Pursuant to Federal Rule of Civil Procedure ("Rule") 55, a party who has obtained entry

of default against a defendant may move the court for an order of judgment by default.  FED. R.

CIV. P. 55(b)(2); Symantec Corp. v. Global Impact, Inc., 559 F.3d 922, 923 (9th Cir. 2009)

(noting that Rules 55(a) and (b) provide a two-step process for obtaining a default judgment).

Once the Clerk of Court enters default, all well-pleaded allegations regarding liability are

deemed admitted and are taken as true, however, allegations regarding the amount of damages

must be proven.  Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002); Geddes v.

United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977).  The decision whether to grant default

judgment is within the discretion of the court.  Draper v. Coombs, 792 F.2d 915, 924 (9th Cir.

1986).  In exercising its discretion, the court must consider seven factors:  (1) the possibility of

prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the

complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning

material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy

favoring decisions on the merits.  Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

//

## DISCUSSION

In the instant motion, the United States asks that the court enter a money judgment against Panter in favor of the United States for unpaid federal individual income taxes; determine that the United States has a valid lien against all of Panter's property and rights to property; and order the Property be foreclosed upon and sold to satisfy the liens and taxes owed according to the priority of legitimate liens established by the various stipulations (#16, 17, 26, 36, 48) approved by order of the court (#20, 21, 27, 41, 49).

## I. Recovery of Unpaid Taxes

On review of the United States' motion and supporting memorandum, declarations and exhibits, the court finds that the entry of default judgment is proper.

Under the first and sixth Eitel factors, the Court weighs the possibility of prejudice to a plaintiff if default judgment is not entered against the showing, if any, that the defendant's failure to participate in the litigation is the result of excusable neglect. In this case, although Panter has been served, knows of the lawsuit, and initially participated in it,[2] he now refuses respond to the Court's orders or otherwise communicate with either the Court or the United States, and returns unopened all correspondence sent to him by the Clerk of the Court. Thus, not only has Panter failed to make a showing of excusable neglect, the court has explicitly cautioned (#73) him that his conduct could result in the imposition of sanctions including entry of default. If the United States is not granted default judgment, it will be without recourse to collect the

---

[2] Panter did initially defend this action, filing his motion to dismiss (#11) on June 23, 2011. However, that motion was denied (#61). If the court denies a motion made pursuant to Rule 12, the defendant must serve an answer "within 14 days after notice of the court's action. FED. R. CIV. P. 12(a)(4)(A). While Panter did file an Answer (#22) on July 18, 2011, the Answer was stricken (#59) by order of the court, and Panter did not thereafter file an Amended Answer. The failure to file an answer—in spite of an earlier defense—is an adequate basis for a Rule 55 default judgment. See SEC v. Small Cap Research Group, Inc., 226 Fed. App'x. 656, 658 (9th Cir. 2007).

federal income taxes Panter owes until such time as he chooses to participate in these proceedings. *See, e.g.*, Craigslist, Inc. v. Naturemarket, Inc., 694 F.Supp.2d 1039, 1061 (N.D.Cal. 2010) ("[W]here a defendant's failure to appear makes a decision on the merits impracticable, if not impossible, entry of default judgment is warranted.") (internal quotations omitted). Therefore, the first and sixth Eitel factors weigh in favor of granting of default judgment.

The second, third and fifth Eitel factors address the merits and sufficiency of the United States' claims pled in the Complaint and the possibility of dispute regarding the material facts. In this case, default was entered against Panter on April 12, 2012, therefore the court will accept as true all well-pleaded allegations regarding liability. Fair Housing of Marin, 285 F.3d at 906. The Complaint alleges Panter failed to file federal income tax returns for the years 1998 through 2004. (Compl. ¶¶ 16, 37). The Complaint further alleges that despite receiving notice and demand for payment of assessments made by a delegate of the Secretary of the Treasury for unpaid federal income tax for tax years 2001 through 2004, Panter has neglected, failed or refused to pay the assessments which therefore remain due and owing, plus interest, penalties, and fees and costs. (Id. ¶¶ 31). The assessments made against Panter are reflected on the Certificates of Assessments and Payments (Form 4340) for the tax years 2001 through 2004 submitted by the United States in support of its motion, each of which is accompanied by a Certificate of Official Record (Form 2866). (Decl. Adam D. Strait Supp. U.S. Mot. Default J. ("Strait Decl."), Dckt. # 103, ¶¶ 2-5 & Exs. A-D).[3] A Certificate of Assessments and Payments is a proper means of establishing that assessments were properly made and that notices and demand for payment were sent. Koff v. U.S., 3 F.3d 1297, 1298 (9th Cir. 1993); Hughes v. U.S.,

_____

[3] Exhibit D is incorrectly identified in paragraph 5 of the Strait Declaration as being a true and complete copy of Forms 2866 and 4340 for Panter's individual federal income taxes for 2001; the correct year of these documents is 2004.

953 F.2d 531, 535 (9th Cir. 1992). An assessment for unpaid federal taxes, when properly

certified, is presumptively correct evidence of a taxpayer's liability, and the taxpayer has the

burden to overcome this presumption by countervailing proof. U.S. v. Janis, 428 U.S. 433, 440–

41, 96 S.Ct. 3021 (1976); Koff, 3 F.3d at 1298; Hughes, 953 F.2d at 540; U.S. v. Voorhies, 658

F.2d 710, 715 (9th Cir. 1981). Here, Panter has made no attempt to rebut the tax assessments

against him. Therefore, the Certificates of Assessments and Payments submitted by the United

States establish that assessments were properly made, notice and demand for payment were sent,

and that Panter is presumptively liable for the unpaid taxes, penalties, and interest reflected on

the Certificates. Thus, the merits of the United States' claims are deemed valid. Since the

allegations are taken as true, there is no possibility of a dispute concerning material facts.

Therefore, the second, third and fifth Eitel factors weigh in favor of granting default judgment.

     With respect to the sum of money at stake, a large amount of money in dispute generally

weighs against granting default judgment. *See* Eitel, 782 F.2d at 1472. Here, the United States

seeks entry of judgment against Panter for unpaid federal income tax liabilities for the years

2001, 2002, 2003, and 2004 in the amount of $78,092.45 as of December 31, 2011,[4] with interest

continuing to accrue on that amount. While this amount is significant, it is not excessive given

the allegations and is supported by the evidence submitted. Thus, the Court finds that this factor

is neutral with respect to whether entry of default judgment is appropriate.

---

[4] The tax assessments and calculations of penalties and interest are detailed in the Certificates of
Assessment and Payment (*see* Strait Decl., Dckt. # 103, ¶¶ 2-5 & Exs. A-D) and further
explained in the declarations and exhibits of an Internal Revenue Service Revenue Agent and
Revenue Officer (*see* Decl. of Paula Bennett, Dckt. # 99; Decl. Ron W. Robinson, Dckt. # 100)
submitted in support of the instant motion. As of December 31, 2011, Duane H. Panter owed the
following amounts, which represent the total individual income tax, interest and penalties unpaid
to that date:

| | |
|---|---|
| For the tax period ending December 31, 2001: | $19,902.75 |
| For the tax period ending December 31, 2002: | $19,369.11 |
| For the tax period ending December 31, 2003: | $19,298.01 |
| For the tax period ending December 31, 2004: | $19,522.58 |

The seventh <u>Eitel</u> factor addresses the strong public policy favoring decisions on the merits. While this factor weighs against awarding default judgment, it is only one factor among seven and, standing alone, is generally not dispositive particularly where a defendant fails to appear or defend itself in an action. *See, e.g.,* <u>Craigslist, Inc.</u>, 694 F.Supp.2d at 1061; <u>PepsiCo, Inc. v. Cal. Sec. Cans</u>, 238 F.Supp2d 1172, 1177 (C.D.Cal. 2002). In the aggregate, this factor is outweighed by the five factors that weigh in favor of default judgment.

In sum, the Court finds that the <u>Eitel</u> factors weigh in favor of granting default judgment. Accordingly, the United States' Motion for Default Judgment (#97) should be GRANTED, and default judgment should be entered in favor of the United States and against Duane H. Panter for unpaid income tax assessments, plus penalties and interest, for the years 2001 through 2004 in the sum of $78,092.45 as of December 31, 2011, plus penalties and interest continuing to accrue thereafter until paid pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c).

## II.  The United States' Valid Liens

The Complaint also alleges that the United States has valid tax liens against all property belonging to Panter and that Panter has notice of those liens. (Compl. ¶¶ 16-19, 28-29, 30-34). 26 U.S.C. § 6321 provides that the amount of a delinquent taxpayer's liability shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to the taxpayer. Under 26 U.S.C. § 6322, a lien imposed under § 6321 arises at the time the assessment is made and continues until the liability is satisfied, or the lien is removed in accordance with federal law. A federal tax lien is perfected upon assessment and no further action need be taken. <u>U.S. v. McDermott</u>, 507 U.S. 447, 452–55, 113 S.Ct. 1526 (1993); <u>U.S. v. Vermont</u>, 377 U.S. 351, 355, 84 S.Ct. 1267 (1964); <u>Glass City Bank of Jeanette, Pa. v. U.S.</u>, 326 U.S. 265, 267, 66 S.Ct. 108 (1945).

The Court has already adjudged (#55) that Saved by Grace, a Trust, is Panter's nominee with respect to the real property described in paragraph 20 of the United States' Complaint ("the Property"). Accordingly, it should be ordered that the United States has valid federal tax liens in the amount of $78,092.45 as of December 31, 2011, plus penalties and interest thereafter, against all property and rights to property held by Duane H. Panter, including but not limited to the interest in the Property.

### III. Foreclosure and Sale of the Property and the Priority of Legitimate Liens

When "there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof," the United States may bring an action in federal district court to enforce the lien created by 26 U.S.C. § 6321 or to subject any property held by the taxpayer to the payment of the tax. 26 U.S.C. § 7403(a). After adjudicating the merits of the United States' claim to the subject property, the district court may decree a sale of the property and order distribution of the proceeds from that sale. 26 U.S.C. § 7403(c); *see also* U.S. v. Nat'l Bank of Commerce, 472 U.S. 713, 719–720, 105 S.Ct. 2919 (1985); U.S. v. Rodgers, 461 U.S. 677, 693–94, 103 S.Ct. 2132 (1983).

Here, Panter has refused to pay the tax deficiencies, interest and penalties assessed against him. He has failed to appear to contest the validity of those assessments, and default has been entered against him. As described above, the Court has already adjudged (#55) that Saved by Grace, a Trust, is Panter's nominee with respect to the Property. Accordingly, judgment should be entered in favor of the United States and against Panter and an order of sale should be entered foreclosing on the United States' tax liens upon the Property in order to satisfy the unpaid tax assessments made against him pursuant to 26 U.S.C. §§ 6321 and 7403 and 28 U.S.C. §§ 2001 and 2002.

Furthermore, defendants First American, CACV, and Phyllis Panter as trustee and sole beneficiary of the Panter Family Trust have each disclaimed any interest they may have in the Property through stipulations (#17, 26, 36) jointly entered into with the United States and approved by order of the court (#21, 27, 41). Defendant Denny Malloy as Trustee of Saved by Grace, a Trust, has been dismissed (#53) as a defendant, while default (#46) and default judgment (#55) have been entered against defendant Marcia Doerr, Trustee of Saved by Grace, a Trust. By stipulation (#16) and order (#20), the United States and Jackson County, the sole remaining defendant, have resolved the competing priority of their respective liens. The Proposed Order of Sale (#97-3) submitted by the United States complies with these stipulations and orders. Therefore, the court's judgment and order of sale should provide that the proceeds from the sale of the Property be distributed according to the terms of the Proposed Order of Sale after costs of sale have been paid.

## RECOMMENDATION

For the reasons stated above, the United States' motion (#97) should be GRANTED and default judgment should be entered against Panter for unpaid federal individual income tax liabilities in the amount of $78,092.45 plus penalties and interest continuing to accrue thereafter until paid pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), and an order of sale should be entered for the Property pursuant to 26 U.S.C. §§ 6321 and 7403 and 28 U.S.C. §§ 2001 and 2002. Because this determination resolves all of the remaining issues in the case, a separate and final judgment should be entered as to all defendants.

***This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.*** Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. ***Objections to this***

***Report and Recommendation, if any, are due by June 11, 2012.  If objections are filed, any***

***response to the objections is due by June 28, 2012.*** *See* FED. R. CIV. P. 72, 6.

DATED this _____ day of May, 2012.

_____
MARK D. CLARKE
United States Magistrate Judge